PER CURIAM:
On Novmber 12, 1991, claimant was operating his 1991 GMC on Lyon’s Road in Hancock County when his vehicle encountered mud on the road and slid into a ditch causing damages to the vehicle. Claimant’s damages were in excess of the deductible provided in his insurance policy and, therefore, the damages will be limited to $250.00, the amount of claimant’s *170 deductible.
Claimant testified that he had been bow hunting most of the day and had parked his vehicle on a dirt section of this road. When he returned to his truck later that day approximately at dark, four-to-five inches of slushy snow had fallen on the roadway and then melted creating a very muddy condition. He described the snowfall as being rain which truned into a wet snow. The road was slick because of the mud. It is his opinon that the conditon resulted from work performed by the respondent in the spring or summer when “they dug out the ditches and pushed the dirt up in the middle of the road...” When he got into his vehicle, he started at a very slow speed and then realized that there were four-to-five inches of mud on the road. His vehicle slid into the ditch, and was damaged.
Samuel J. DeCapio, Maintenance Superintendent for respondent in Hancock County, testified that Lyon’s Road is County Route 11/4. Some sections of the road are dirt. Employees of the respondent had worked on the paved section of this road on the day of claimant’s accident, and respondent’s employees were treating the roads in the county for snow removal and ice control on that day. Although claimant testified that respondent placed slag on the dirt section of Route 11/4 on the day after the accident respondent’s witnesses denied it.
The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by an alleged hazardous condition and a reasonable amount of time to take suitable corrective action. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1977). In this claim the claimant has failed to establish that respondent had notice of the muddy condition of the
road or that the condition was out of the ordinary. As the claimant did not meet this burden of proof, the claim must be denied.
Claim disallowed.